DÁVILA, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Designation of Heirs.

No. 443.—Decided March 25, 1920.

RECORD OF TITLE—CORRECTION—ERROR OF JUDGMENT.—In this case the registrar recorded a document in his books and signed the entry, after which, and as a correction, he entered a marginal note refusing to record the same document. The decision was appealed from and it was *Held:* That the registrar alone could not correct the entry because he had no power to annul it without the consent of the interested person, this being the province of the courts, according to article 256 of the Mortgage Law, for it did not involve the correction of any of the material errors referred to in article 254 of the said law, but to the correction of an error of judgment which annulled the recorded right.

ID.—HEREDITARY RIGHT—LIQUIDATION—CONJUGAL PARTNERSHIP.—A died during his lawful wedlock with B, who had a property recorded which was acquired during the wedlock. A child of A's first marriage, who, together with fourteen other children, was designated as an intestate heir of A, presented the designation of heirs in the registry asking for the record of his hereditary right to an undivided one-thirtieth part of the said property. The decision recording in the name of appellant only his undivided hereditary right was appealed from and it was *Held:* That in accordance with the jurisprudence established in *Capó* v. *Fernández,* 27 P. R. R. 656, the registrar erred in not recording the extent of the right as asked for, the previous liquidation and partition of the estate being unnecessary, because when there is no will the law fixes the right of the heirs as an equal share each.

ID.—EX PARTE PROCEEDINGS—DESIGNATION OF HEIRS.—A decision of a district court in an uncontested *ex parte* proceeding for designation of heirs is final from the time it is made, according to the Act of March 11, 1918.

ID.—CURABLE DEFECT—CIVIL STATUS.—If the failure of the designation of heirs to show the civil status of the heirs may be considered as a defect, such defect is cured if the civil status appears from the petition presented by an heir to the registrar for recording his right.

The facts are stated in the opinion.

*Mr. A. Mena* for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Jesús María Dávila Maldonado sought and obtained from the District Court of Humacao an order designating him and his fourteen brothers and sisters as the intestate heirs of his father, Nemesio Dávila y Villafañe, it appearing from said order that the second wife of the father was Agustina Carrión Cruz, known as Rosario Carrión Cruz. This document having been presented in the Registry of Property of Caguas by Jesús María Dávila Maldonado, accompanied by a petition stating that he was of age, a widower, property owner and a resident of Gurabo, and asking for a record of his hereditary right to an undivided one-thirtieth of property No. 305, folio 77 of volume 6 of Gurabo, acquired by purchase by Rosario Carrión y Cruz during her wedlock with Dávila Villafañe, there was endorsed on it a note to the effect that the document was recorded as to the undivided hereditary right of Jesús María Dávila Maldonado, with the curable defects that the order was not final; that the civil status of the heirs did not appear, and that the extent of the right sought to be recorded was not authentically determined. This note is dated October 8, 1919, and is not signed by the registrar, but there is attached to the document a paper which seems to have been pasted over the said note and on which there is another note of the same date signed by the registrar, refusing to record the document because the property affected by the hereditary right sought to be recorded is not recorded in the name of Nemesio Dávila Villafañe and assigning the same curable defects as those referred to in the unsigned note.

Jesús María Dávila having appealed, the registrar was requested to send up to this court a literal copy of all the records and entries affecting the property in question and it appears therefrom that the property was purchased by

Rosario Carrión Cruz, represented by her husband, Nemesio Dávila Villafañe, according to the second record; that the third record was made in the name of Jesús María Dávila Maldonado as to his undivided hereditary right in the property acquired by intestate paternal inheritance, with the curable defects already mentioned and on the authority of the designation of heirs, this record being signed by the registrar of property on October 8, 1919, and containing a marginal note of the same date, also signed by the registrar, as follows: "As a correction of the third record," and then, "there being a mistake in the third record as to the words 'I record this in the name of Jesús María Dávila as to the undivided hereditary right which he acquired in the property by intestate paternal inheritance,' because the document referred to in that note should not have been recorded, but its record should have been refused, and the documents being still in the registry, I hereby correct the said entry in the following manner:  *  *  *." Then follows the marginal note to which we have referred, containing the refusal to record the document.

As will be seen, the registrar entered in his books the record asked for by the appellant and signed the entry, after which, and as a correction, he entered a marginal note refusing to record the same document. The registrar had no authority to make such a correction, because, having entered the record in his books in the name of Jesús María Dávila, he had no power to annul it without the concurrence and consent of the interested person, this being the province of the courts according to article 256 of the Mortgage Law, for it was not the correction of any of the material errors referred to in article 254 of the said law, but the correction of an erroneous opinion which annulled the recorded right. *Bolívar et al.* v. *Registrar of Property,* 13 P. R. R. 362.

Consequently, taking as a basis the third record made by

the registrar, let us now consider whether, as appellant maintains, the record should have been made as to one-thirtieth of the property as requested and not as to the undivided hereditary right, for the reason that there were fifteen heirs of the husband and the other fifteen parts belonged to the wife, inasmuch as the property purchased by her during her wedlock was conjugal partnership property.

In accordance with our decision in *Capó* v. *Fernández,* 27 P. R. R. 656, the appellant is entitled to one-thirtieth of the property acquired by the conjugal partnership of which his father was a member, because at the very moment of the father's death his rights descended to his heirs, although the conjugal partnership was not liquidated nor the estate partitioned, for when there is no will the law fixes the rights of the heirs as an equal share each.

For that reason the record should have been made according to appellant's petition, or as to a one-thirtieth part, and for the same reason the curable defect assigned in the record that the extent of the right of petitioner was not authentically determined can not be sustained.

Nor can the other curable defect, that the order of designation of heirs was not final, be sustained, because the order was entered in an uncontested *ex parte* proceeding and, therefore, was final from the time it was made, according to Act No. 20 of March 11, 1918.

There remains to be considered only the curable defect of failure to state the civil status of the heirs, and although their status does not appear from the designation of heirs made by the court, the statement made by the petitioning heir in the petition presented to the registrar regarding his civil status was sufficient.

The decision appealed from must be reversed in so far as it recorded only the hereditary right of the appellant and also as regards the curable defects assigned and the record

should be made of an undivided one-thirtieth part of the property in the name of the appellant.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.